*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-357

MARCH TERM, 2013

| | | |
|---|---|---|
| Marcia Ratner | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Civil Division |
| | } | |
| | } | |
| Village Square at Pico Condominium | } | |
| Owners Association, Richard Fowler, | } | DOCKET NO. 91-2-11 Rdcv |
| David Crossman and Matthew "Bud" Solano | } | |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff, the owner of a condominium unit, appeals from the superior court's order granting summary judgment to defendants, the condominium association and former or current members of the association's board of directors. The court ruled that plaintiff lacked standing to bring her direct action and that the action was also barred by the applicable statute of limitations. Without considering the statute-of-limitations issue, we affirm the court's ruling that plaintiff lacked standing to bring her suit.

The court's findings, which are not challenged by plaintiff on appeal, set forth the facts in a light most favorable to plaintiff as the nonmoving party. See Chase v. Agency of Human Servs., 2011 VT 31, ¶ 14, 189 Vt. 613 (mem.) ("[W]e must consider the record in a light most favorable to [the nonmoving party] in determining whether the trial court properly granted [the moving party] summary judgment."). Plaintiff owns a unit in the Village Square condominium development. She purchased her unit on November 21, 2001. As part of the sales process, she received a Certificate of Resale, a copy of the Condominium Declaration, a copy of the bylaws of the Village Square at Pico Condominium Owners Association, Inc., and a balance sheet addressing the Association's finances on that date. The Declaration expressly gives the Association's board of directors the authority to levy special assessments if there are inadequate funds available to cover the repair of common areas. Under the Declaration, unit owners are obligated to pay such assessments, and the Association has the authority to commence a foreclosure action against unit owners who do not pay the assessments.

On December 7, 2004, the Board notified the unit owners, including plaintiff, of a special assessment for roof repair work, to be in effect from January 2005 through June 2007. The need for special assessments continued after 2007.

In 2007, plaintiff and other unit owners were without hot water for an extended period of time. In October 2007, as the result of the hot water problem and her opposition to the special assessments, plaintiff stopped paying all of her condominium assessments. In response, the

Association commenced a foreclosure action against plaintiff. In December 2008, the superior court awarded the Association $38,061 minus $3000 to compensate plaintiff for not having hot water over a ten-month period.

In February 2011, plaintiff filed her complaint in the instant action, alleging that the Association as well as two current members and one former member of the Association's board of directors harmed her by failing to maintain adequate capital reserve funds to preclude the need for special assessments to pay for condominium repairs. Plaintiff cited a variety of legal theories to support her complaint, including negligence, fraud, breach of fiduciary duty, and bad faith. In May 2012, following discovery, defendants moved for summary judgment. After the parties filed memoranda of law and presented oral argument, the superior court granted defendants' motion in an August 28, 2012 decision. The court concluded that defendants were entitled to summary judgment because plaintiff did not have standing to bring a direct individual action against the defendants, as opposed to a derivative suit, and, in any event, her claims were time-barred by the applicable statute of limitations.

On appeal, plaintiff challenges the court's decision on both counts. We need not address the statute-of-limitations issue because we agree with the superior court that plaintiff lacked standing to bring this direct action against the Association and its board members. The Association is a nonprofit corporation formed under former 11 V.S.A. §§ 2301-2309, the subject of which is now covered in 11B V.S.A. §§ 1.01-17.01. Derivative suits may be filed against nonprofit corporations if the requirements of § 6.40 are satisfied. Plaintiff does not claim to be pursuing a derivative action and she makes no attempt to demonstrate that she has satisfied the requirements of § 6.40.

To have standing to bring a direct individual action against the Association, plaintiff must allege either an injury that is "separate and distinct" from those of other unit owners or a wrong involving a contractual right that "exists independently of any right" of the Association. Bovee v. Lyndonville Sav. Bank & Trust, 174 Vt. 507, 508 (2002) (mem.); see May v. Coffey, 967 A.2d 495, 502 (Conn. 2009) (stating general rule that shareholder has standing to bring direct or personal action only if alleged injury is separate and distinct from injury suffered by other shareholders or corporation). Here, the superior court reasoned that plaintiff's allegations of inadequate reserve funds necessarily involved all of the unit owners and that the special assessments resulting from the alleged inadequate funds were imposed proportionately on all unit owners. Further, the court concluded that the fiduciary duty allegedly breached by the board members was owed to the Association as a whole rather than any individual unit owners. Accordingly, the court ruled that plaintiff did not have standing to bring her direct action against the Association or its board members.

We find no error in the superior court's reasoning and decision. Plaintiff has failed to demonstrate that any special assessment was imposed disproportionately upon her relative to other unit owners. She complains that original unit owners who sold their condominiums before the assessments were imposed were relieved of the burden of paying for the wear and tear on their units, but those owners were replaced by succeeding owners who paid the same proportionate assessment as plaintiff according to their interest shares. There is no basis to distinguish the injury claimed by plaintiff from the comparable burden placed on every other unit owner. For this reason, plaintiff does not have standing to file a direct individual action against the Association. Cf. Bovee, 174 Vt. at 509 ("Apart from the alleged impact on plaintiffs' investment and the value of the shares, which affected all shareholders, plaintiffs' complaint fails adequately to allege or demonstrate any separate and discrete injury entitling them to bring a direct action.").

2

Plaintiff's reliance on Grogan v. Garner, 806 F.2d 829 (8th Cir. 1986) is unavailing. In that case, "a corporate officer structured a takeover so that a group of favored shareholders would receive additional assets and then withheld this information in order to induce plaintiffs to sell their stock at the offered price." Arent v. Distribution Sciences, Inc., 975 F.2d 1370, 1373 (8th Cir. 1992) (distinguishing Grogan). The court in Grogan upheld an individual recovery by the shareholder plaintiffs because "only some of the shareholders were injured" as the result of the defendants "direct fraud on the plaintiffs." Arent, 975 F.2d at 1373. Here, in contrast there was no separate and discrete injury to plaintiff.

We also find unavailing plaintiff's claim that she has standing to sue based on defendants' alleged breach of their fiduciary duties owed to her individually. As with the directors of corporations, the Association board members had a duty to act "(1) in good faith; (2) with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and (3) in a manner the director reasonably believes to be in the best interests of the corporation." 11B V.S.A. § 8.30(a). As the superior court pointed out, however, the duty is owed to the Association as a whole and not to each individual unit owner, who may have interests that diverge from those of the Association as a whole. See Poliquin v. Sapp, 390 N.E.2d 974, 977 (Ill. App. Ct. 1979) (noting that corporation directors have duty "to manage the corporate business solely in the interest of the corporation" and "any breach [of that duty] would result in injury to the corporation and the shareholders as a whole"). In short, the superior court correctly concluded that plaintiff has no standing to bring her direct action against defendants alleging injury from special assessments necessitated by a lack of reserve funds.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

3